**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

BRIGID JENNINGS,

                Plaintiff,

vs.                                                Case No. 6:17-cv-412-Orl-JRK

NANCY A. BERRYHILL,
Deputy Commissioner for Operations
of the Social Security Administration,
performing the duties and functions not
reserved to the Commissioner of
Social Security,

                Defendant.
_____/

**OPINION AND ORDER**[1]

**I. Status**

Brigid Jennings ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is due to "Diabetes type II," "H[igh ]B[lood ]P[ressure,]" "3 herniated discs," "Osteomyelitis R/foot," "Staff Infection R/2nd Toe," "Diabetic Neuropathy Bilat hands/feet," "L/Foot Cond," and "Chronic Pain." Transcript of Administrative Proceedings (Doc. No. 15; "Tr." or "administrative transcript"), filed June 5, 2017, at 84, 95, 110, 121; see also Tr. at 255, 301. On February 14, 2014, Plaintiff filed an application for DIB, alleging an onset disability date of September 1, 2013, Tr. at 222-26, and on February 12, 2014, Plaintiff filed an application for SSI, alleging an

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 14), filed June 5, 2017; Reference Order (Doc. No. 16), entered June 5, 2017.

onset disability date of September 15, 2013, Tr. at 227-35[2]; see also Tr. at 60. Later in the administrative proceedings, Plaintiff's alleged onset disability date for both applications became September 15, 2013. See, e.g., Tr. at 60, 84, 95. Plaintiff's applications were denied initially, see Tr. at 84-94, 106, 108, 144-46 (DIB), 95-105, 107, 109, 147-49 (SSI), and were denied upon reconsideration, see Tr. at 110-20, 132, 134, 137, 151-55 (DIB), 121-31, 133, 135, 136, 156-60 (SSI).

On August 15, 2016, an Administrative Law Judge ("ALJ") held a hearing, during which the ALJ heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). Tr. at 57-83. The ALJ issued a Decision on October 5, 2016, finding Plaintiff not disabled through the date of the Decision. Tr. at 41-49. Plaintiff requested that the Appeals Council review the ALJ's Decision. Tr. at 15-16. The Appeals Council then received additional evidence in the form of medical records and a brief authored by Plaintiff's representative. Tr. at 5-6; see Tr. at 18-37, 1430-74 (medical records), 338-41 (brief). On January 9, 2017, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner. On March 8, 2017, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff raises two issues on appeal: 1) whether the ALJ erred in rejecting Plaintiff's testimony about her pain; and 2) whether the Appeals Council erred in denying Plaintiff's request to review the ALJ's Decision in light of new evidence submitted to the Council.

---

[2] Although actually completed on February 14, 2014 and February 12, 2014, respectively, the protective filing date of Plaintiff's DIB and SSI applications is listed elsewhere in the administrative transcript as February 12, 2014. See, e.g., Tr. at 84, 95, 110, 121.

Plaintiff's Memorandum of Law (Doc. No. 19; "Pl.'s Mem."), filed August 3, 2017, at 1, 13-19. Defendant filed a memorandum addressing the issues on October 2, 2017. See Memorandum in Support of the Commissioner's Decision (Doc. No. 20; "Def.'s Mem.").

Addressing Plaintiff's second issue, the undersigned determines that the Commissioner's final decision is due to be reversed and remanded because the new evidence submitted to the Appeals Council renders the ALJ's Decision unsupported by substantial evidence. Given that further consideration on remand may have an impact on the factual findings at which the first issue is aimed, the first issue is not substantively addressed herein. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II. The ALJ's Decision

When determining whether an individual is disabled,[3] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform

---

[3] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 43-49. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since September 15, 2013, the alleged onset date." Tr. at 43 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: osteomyelitis of the right foot, type II diabetes mellitus with neuropathy and retinopathy, cervical and lumbar degenerative disc disease (DDD), a left eye cataract, and obesity." Tr. at 43 (emphasis and citation omitted). At step three, the ALJ ascertained that "[Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 43 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b), with limitations. [Plaintiff] must be provided with a 30-minute sit/stand option that allows for a 5-minute stretch break at the workstation. [Plaintiff] can never balance or climb ladders, ropes, or scaffolds. [Plaintiff] can perform all other postural activities no more than occasionally. [Plaintiff] must not use her lower extremities to operate foot controls. [Plaintiff] must perform bilateral handling and fingering no more than frequently. [Plaintiff] must have no concentrated exposure to heat or vibrations, and must not work around moving mechanical parts or work at unprotected heights.

Tr. at 44 (emphasis omitted). At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as a "Telephone Sales Representative" and a "Secretary." Tr. at 47 (some emphasis omitted). At step five, the ALJ considered Plaintiff's age (fifty (50) years old on the alleged onset date), education ("at least a high school education"), work experience, and RFC, and the ALJ determined that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." Tr. at 48 (emphasis and citation omitted). Relying on the testimony of the VE, the ALJ identified as representative jobs a "Warehouse Checker," an "Assembler, Small Products," and a "Labeler." Tr. at 49. The ALJ concluded that Plaintiff "has not been under a disability . . . from September 15, 2013, through the date of th[e D]ecision." Tr. at 49 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported

by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

### IV. Discussion

Plaintiff contends the Appeals Council erred in denying review in light of new "evidence showing that her neck pain is more severe than the ALJ assumed." Pl.'s Mem. at 17. According to Plaintiff, "the record suggests that the Appeals Council did not actually consider" at least some of the new evidence she submitted to it, that is, "the new treatment notes from Dr. Lavoie." Id. at 18. Plaintiff asserts that this failure alone should require remand. Id. at 18-19. Even if the Appeals Council did consider this evidence, argues Plaintiff, it erred in declining to remand the case because it "show[s] that the ALJ's [D]ecision is contrary to the great weight of the evidence." Id. at 19.

Responding, Defendant contends the Appeals Council did not err "because substantial evidence in the record as a whole supports the ALJ's determination Plaintiff is not disabled." Def.'s Mem. at 12. To that end, Defendant asserts that Dr. Lavoie's evidence "does not document additional functional limitations not already included in Plaintiff's RFC determination." Id. at 13.

According to the Appeals Council's exhibit list and the Order admitting the exhibits, the medical evidence admitted by the Council consists of "3" pages of evidence from

"Stephane Lavoie, MD" that are dated September 7, 2016; "4" pages of evidence from "Florida Orthopaedic Associates" that are dated September 7, 2016 through September 23, 2016; and "3" pages of evidence from "Florida Retina Institute" that are dated September 26, 2016. Tr. at 5; see also Tr. at 6 (Order admitting the exhibits). Dr. Lavoie's evidence actually consists of seven total pages. For whatever reason, the Appeals Council's exhibit list and Order refers to only four pages as being authored by Dr. Lavoie, and three pages being generally from "Florida Orthopaedic Associates" even though they, too, are authored by Dr. Lavoie. Tr. at 5-6; see Tr. at 1464-71 (Dr. Lavoie's evidence).[4]

In its Notice of Appeals Council Action, in which Plaintiff was notified that the Council had denied review, the Council advised Plaintiff:

> [W]e considered the reasons you disagree with the [D]ecision <u>and the additional evidence listed on the enclosed Order of Appeals Council</u>. We considered whether the [ALJ's] action, findings, or conclusion is contrary to the weight of the evidence currently of record. We found that this information does not provide a basis for changing the [ALJ's D]ecision.
>
> We also looked at three pages of records from Florida Retina Institute, dated September 26, 2016. This document is not new evidence since it is a duplicate of [evidence previously submitted to the ALJ, that is,] Exhibit 36F.
>
> We also looked at 12 pages of records from Family Health Source, dated October 12, 2016 through October 21, 2016, and eight pages of records from Deland Foot and Leg Center, dated November 16, 2016. The [ALJ] decided your case through October 5, 2016. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or about October 5, 2016.

---

[4] Dr. Lavoie's evidence is also scattered in the administrative transcript. Page one of four pages authored on September 7, 2016 is located on administrative transcript page 1471, while the remaining three pages are located on administrative transcript pages 1465-67.

Tr. at 2 (emphasis added).[5] Thus, contrary to Plaintiff's contention, it appears the Appeals Council did consider the evidence from Dr. Lavoie, because it stated it considered the "evidence listed on the enclosed Order of Appeals Council," Tr. at 2, which admitted the evidence on the exhibit list, Tr. at 5-6. The Appeals Council did not articulate any reasons why it found this evidence "did not provide a basis for changing the [ALJ's D]ecision, Tr. at 2, but it was not required to do so, see Hargress v. Soc. Sec. Admin., Comm'r, 883 F.3d 1302, 1309 (11th Cir. 2018) (stating that the Appeals Council is "not required to give a . . . detailed explanation or to address each piece of new evidence individually") (citing Mitchell v. Comm'r, Soc. Sec. Admin., 771 F.3d 780, 784 (11th Cir. 2014)).

When the Appeals Council is presented with evidence that was not presented to the ALJ, the Appeals Council "must review the case if 'the [ALJ]'s action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1261 (11th Cir. 2007) (quoting 20 C.F.R. § 404.970(b)).[6] When the Appeals Council considers evidence presented to it but denies review, a reviewing court must determine whether the new evidence renders the denial of benefits erroneous. See

---

[5] Plaintiff's argument on appeal does not address the medical evidence submitted from sources other than Dr. Lavoie and Florida Orthopaedic Associates, so the undersigned does not discuss the other evidence herein other than the previous summary of what the Appeals Council admitted and considered.

[6] Evidence first presented to the Appeals Council must be considered by the Council if it is "new, material, and chronologically relevant." Hargress, 883 F.3d at 1309 (citing 20 C.F.R. § 404.970(b), 416.1470(b) (2016)); see also Ingram, 496 F.3d at 1261 (citing 20 C.F.R. § 404.970(b)). Regarding the materiality requirement, "[e]vidence is material if 'there is a reasonable possibility that the new evidence would change the administrative outcome.'" Atha v. Comm'r, Soc. Sec. Admin., 616 F. App'x 931, 936 (11th Cir. 2015) (quoting Hyde v. Bowen, 823 F.2d 456, 459 (11th Cir. 1987)). If the Appeals Council "erroneously refuses to consider evidence, it commits legal error and remand is appropriate," Washington v. Soc. Sec. Admin., Comm'r, 806 F.3d 1317, 1320 (11th Cir. 2015). Here, Defendant does not contend that Dr. Lavoie's evidence lacks the required elements for Appeals Council consideration. Indeed, Defendant's position is that Dr. Lavoie's evidence was considered by the Appeals Council. See Def.'s Mem. at 10-11. As stated previously, the undersigned agrees.

Mitchell v. Comm'r, Soc. Sec. Admin, 771 F.3d 780, 784-85 (11th Cir. 2014) (citing Ingram, 496 F.3d at 1262); see also Coleman v. Comm'r of Soc. Sec., 454 F. App'x 751, 754 (11th Cir. 2011) (citation omitted) (noting that "[t]he Appeals Council may deny review if the new evidence does not show the ALJ's decision to be erroneous"). In other words, a claimant seeking remand under sentence four of 42 U.S.C. § 405(g), "must show that, in light of the new evidence submitted to the Appeals Council, the ALJ's decision to deny benefits is not supported by substantial evidence in the record as a whole." Timmons v. Comm'r of Soc. Sec., 522 F. App'x 897, 902 (11th Cir. 2013) (unpublished) (citing Ingram, 496 F.3d at 1266-67); see also Mitchell, 771 F.3d at 785.

Here, the undersigned finds that Dr. Lavoie's new notes submitted to the Appeals Council render the ALJ's Decision unsupported by substantial evidence. Thus, remand for reconsideration of this evidence is required. One of the principal reasons the ALJ found that Plaintiff's impairments are not "disabling in nature" and do not "prevent her from performing work in accordance with the [RFC]" was that, with respect to Plaintiff's degenerative disc disease of the spine, it is "not associated with significant limitation of motion, nerve root compromise, or positive straight leg raise testing." Tr. at 46. The ALJ also found that "[d]iagnostic imaging has also not established the presence of any condition that would be expected to prevent all work." Tr. at 46.

The evidence from Dr. Lavoie submitted to the Appeals Council demonstrates that Plaintiff's spine issues are more significant than the ALJ found. Notably, Dr. Lavoie stated on September 7, 2016 that Plaintiff's "[r]ange of motion of the cervical spine is restricted,"

that Plaintiff had a "[p]ositive Hoffman sign[7] bilaterally, and that Plaintiff had a [p]ositive Romberg[8]."  Tr. at 1466.  Dr. Lavoie ordered an MRI of the cervical spine.  Tr. at 1467.  On September 23, 2016, Plaintiff returned to Dr. Lavoie to discuss the results of the MRI.  Tr. at 1468-70.  Dr. Lavoie wrote that the MRI showed "spondylosis" at "C4-C5 C5-C6" and "[e]xtremely large disc herniation" at "C4-C5 extending behind CS causing severe cord compression."  Tr. at 1469.  Dr. Lavoie stated that Plaintiff "has failed to improve with conservative measures and continues to be significantly incapacitated."  Tr. at 1470.  Dr. Lavoie recommended the surgical procedure of "C4 and C5 partial," and Plaintiff agreed to proceed with the procedure.  Tr. at 1470.  Although the administrative transcript does not contain evidence of Plaintiff actually undergoing the procedure, Dr. Lavoie's notes demonstrate that the ALJ's findings regarding Plaintiff's spine are unsupported by substantial evidence.  Remand for reconsideration of Dr. Lavoie's notes is required.

## V.  Conclusion

After due consideration, it is

**ORDERED**:

1.  The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and pursuant to § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

---

[7]  A Hoffman's sign is "increased mechanical irritability of the sensory nerves in tetany."  The Free Medical Dictionary, available at: https://medical-dictionary.thefreedictionary.com/hoffman+sign (last visited Sept. 18, 2018).

[8]  "A positive Romberg's sign suggests disease of the balancing mechanism in the inner ear or of its nerve connections or a loss of sensory information about the position of the legs . . . usually from disease of the sensory tracts in the spinal cord."  The Free Medical Dictionary, available at: https://medical-dictionary.thefreedictionary.com/Romberg%27s+sign (last visited Sept. 18, 2018).

(A) Reconsider Dr. Lavoie's notes that were submitted to the Appeals Council;

(B) Ensure Plaintiff's other issue raised in this appeal is appropriately addressed, if necessary; and

(C) Take such other action as may be necessary to resolve these claims properly.

2. The Clerk is further directed to close the file.

3. In the event benefits are awarded on remand, any § 406(b) or § 1383(d)(2) fee application shall be filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**DONE AND ORDERED** at Jacksonville, Florida on September 21, 2018.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of record